STATE v. ALLEN R. FIELD.

189 N. W. (2d) 484.

August 20, 1971—No. 41507.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, *James M. Kelley,* Assistant Attorney General, and *Darrell C. Hill,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

PER CURIAM.

Defendant has pled guilty to aggravated robbery and has been sentenced to a term not exceeding 15 years. After appealing from his conviction, he was granted a remand to present to the trial court a petition for postconviction relief. This petition was denied, and we now consider the propriety both of the proceedings leading to the original conviction and the denial of postconviction relief.

On November 13, 1967, while represented by privately retained counsel, defendant pled guilty to an information charging him with having robbed one Manfred Olson. He was further charged with using a .22 rifle and with intentionally inflicting bodily harm by setting his victim on fire.

The trial court questioned defendant exhaustively before accepting his plea of guilty. Defendant's attorney advised the court that his client denied any part in burning the victim, but counsel observed that defendant was nevertheless guilty of the charge because he took part in the planning and commission of the crime. The court explained to defendant that the maximum term which could be imposed was 20 years. Defendant was then asked if his attorney or anyone else had made any promises to induce a plea of guilty to which he answered in the negative. Finally, the court asked if any promise had been made with respect to the sentence to be imposed, and defendant again answered, "No."

Upon being invited to give his version of the offense, defendant said that he seized the victim, threw him to the floor, and attempted by force to extract from him the location of the money which was hidden in the house. He then drove a heavy hammer through the floor within inches of the victim's head for the purpose of frightening him into disclosing the information sought. Defendant denied that he held the rifle at any time or that he had anything to do with setting the victim on fire.

The presentence examination disclosed that counsel had advised defendant of what the sentence might be, but he emphasized to his client

in open court that it could be longer or shorter than the 10 years which he had estimated.

"Q. I've told you that I thought that the Court when he heard the whole story might give you around ten years, but that it might be more?

"A. That's right."

Toward the end of the interrogation the trial court asked defendant why he had pled guilty to aggravated robbery if he denied committing the acts constituting the aggravation. Defendant replied, "I had plenty to do with the robbery, but as far as torture, that was far from my mind." At the termination of the examination, defendant's attorney made the following statement:

"Your Honor, he will make himself available for a lie detector test."

On December 20, defendant was arraigned for sentencing. His attorney made a vigorous plea for leniency and argued that an indeterminate term not to exceed 10 years would be appropriate. Thereupon, the court imposed a sentence which limited the term to 15 years, the maximum under the statute being 20 years.

Two issues emerge from these proceedings. First, did the evidence compel a finding as a matter of law that the plea of guilty was induced by counsel's promising that the sentence would not exceed 10 years if a lie detector test bore out defendant's version of the crime? Second, did defendant's denial in open court that he had held the gun or burned the victim render improper the court's acceptance of the plea of guilty?

1. As to the first question, the record itself contradicts defendant's claim that he was induced to plead guilty by his attorney's promise of a 10-year sentence. There is no showing that a lie detector test was ever taken or, indeed, that it was ever sought by the sentencing court. Defendant's attorney was not called to corroborate defendant's version of the matter, and we are satisfied from a reading of the record that the trial court was fully justified in finding that no promise was relied on by defendant in entering his plea.

2. As to defendant's denial that he held the gun or burned the victim, it was clear to his counsel, as it is to us, that whether or not defendant took an active part in these assaults, his collaboration with those who actually committed the acts of violence was sufficient to implicate him in the aggravated robbery. His attorney was satisfied that all of the codefendants were equally guilty since all were acting in concert. We agree. No miscarriage of justice resulted from the

court's accepting the plea of guilty since the record is conclusive that defendant's part in the crime involved him as a principal.

Affirmed.